Kenneth GRAVES, Appellant,

v.

The STATE of Texas, Appellee.

No. 50419.

Court of Criminal Appeals of Texas.

March 31, 1976.

---

The facts are undisputed and the sufficiency of the evidence is not challenged. The record shows a 13 year old girl was struck by a pickup truck driven by appellant, causing the injuries that resulted in her death.

Appellant's sole argument on appeal is this conviction is barred by a prior conviction for driving while intoxicated arising out of the same transaction. Appellant has brought forward in the record the information, complaint and judgment of the driving while intoxicated conviction, together with the transcription of the court reporter's notes of that trial. The record shows the DWI conviction was proven by the same facts and evidence which constitute the proof of operation of a motor vehicle while intoxicated in the instant case. Nonetheless the conviction for involuntary manslaughter is not barred by the prior conviction for driving while intoxicated.

Under our holding in *Curtis v. State,* 22 Tex.App. 227, 3 S.W. 86, the doctrines of carving and double jeopardy are not applicable to the case at bar. In *Curtis* the appellant was convicted of aggravated assault under an indictment alleging assault with intent to murder. This Court held the conviction did not bar a subsequent conviction for murder based on the same transaction because at the time of the assault conviction the injured party was alive, thus there was no offense of murder. The State could not at that time have elected to proceed on the more serious crime. The assault and the murder were held not to be "the same offense" within the meaning of the double jeopardy provision, Tex.Const. art. 1, sec. 14, since the murder offense did not exist at the time of the conviction for assault. The subsequent death of the injured party "is not merely a supervening aggravation, but it creates a new crime." *Curtis,* supra, at page 88. See also *Johnson v. State,* 19 Tex.App. 453; *Hill v. State,* 141 Tex.Cr.R. 169, 149 S.W.2d 93; *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628, at footnote 7, (1974).

Bruce Hal Miner, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty., and Clarence R. Daffern, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is involuntary manslaughter under V.T.C.A., Penal Code, Section 19.-05(a)(2); the punishment, four years.

The transcript of the court reporter's notes of the trial for driving while intoxicated shows the injured party was alive at the time of such trial. It would not have been possible for the State to have proceeded on the involuntary manslaughter charge since that crime was not complete until the injured party's death. Appellant's plea of former jeopardy is without merit.

The judgment is affirmed.

ODOM, Judge (concurring).

I concur in the affirmance of this case, but instead of relying upon *Curtis v. State,* 22 Tex.App. 227, 3 S.W. 86, as does the majority opinion, I would dispose of the issue in the following manner.

Appellant was convicted of involuntary manslaughter under V.T.C.A. Penal Code, Sec. 19.05(a)(2); punishment was assessed at four years.

The evidence reflects that the deceased, a thirteen year old girl, was walking with a girl friend along Hastings Street in Amarillo at about 8:00 p. m. when a pickup truck driven by appellant struck the deceased and caused the injuries that resulted in her death. It was undisputed that appellant was intoxicated at the time.

Appellant in his only ground of error contends his plea of prior jeopardy, predicated upon a prior conviction for driving while intoxicated, should have been sustained. In support of the special plea, appellant brought forward in the record the information, complaint, and judgment from the driving while intoxicated conviction and the transcription of the court reporter's notes of that trial. Appellant's arguments in support of the plea appear to be (1) that driving while intoxicated is a lesser included offense of involuntary manslaughter by operation of a motor vehicle while intoxicated (Sec. 19.05(a)(2), supra); and (2) that the same facts used to support the instant

conviction were used to support the prior driving while intoxicated conviction.

Lesser included offenses are now defined by statute in Article 37.09, V.A.C.C.P. See *Day v. State,* Tex.Cr.App., 532 S.W.2d 302.

Article 37.09(1), supra, provides that an offense is a lesser included offense if:

"it is established by proof of the same or less than all the facts *required* to establish the commission of the offense charged." (Emphasis added.)

The offense charged is involuntary manslaughter under Sec. 19.05(a)(2), supra. Operation *upon a public road or highway* cannot be established by proof of the facts *required* to establish involuntary manslaughter under Sec. 19.05(a)(2), yet that fact must be proven to establish driving while intoxicated. Therefore, driving while intoxicated may not be established by proof of the same or less than all the facts *required* to establish an offense under Sec. 19.05(a)(2) and cannot be a lesser included offense under Art. 37.09(1).

Article 37.09(1) does not support the conclusion that driving while intoxicated is a lesser included offense of a Sec. 19.05(a)(2) involuntary manslaughter. In fact, *Day v. State,* supra, foresaw and warned against such an interpretation of that article as would be required to hold that driving while intoxicated is a lesser included offense to the offense here charged. In closing the opinion on rehearing, the Court stated:

"The careful reader will observe that each definition in Art. 37.09 is stated with reference to 'the offense charged,' and moreover, *each such definition specifically states the manner in which the lesser included offense differs from the offense charged.* The enumerated variations in the statute do not enlarge upon the offense charged, but instead vary *in a manner that either is restrictive* [1] *or reduces culpability as compared to the offense*

---

1. The majority opinion on original submission in *Day v. State,* also acknowledged the restriction found in Art. 37.09(1):

"Therefore, the elements of criminal trespass, including 'notice,' could be established by proof of *the same facts necessary to prove* the offense of burglary. *The proof of addi-*

*charged.* In view of those restrictions, we hold Arts. 37.08 and 37.09, supra, are constitutional insofar as they authorize, as did the prior scheme of degrees of offenses, conviction upon an indictment charging one offense for a lesser included offense of the offense charged. . . ." (Emphasis added.)

The restrictive effect of the word "required" in Art. 37.09(1) cannot be ignored. In applying the test one does not examine what the proof *showed* in establishing the offense charged; rather one must look to what facts in the proof were *required* to establish the offense charged. The broader reading of the statute would render *any* offense incidentally proven in the course of trial a lesser included offense, and authorize its submission to the jury. Such "lesser included offenses" under Art. 37.09(1) would include any offense committed near the time of the offense charged and proven up as "res gestae" of the offense, any offenses committed near the time of arrest and proven up as "res gestae" of the arrest, any extraneous offenses proven in rebuttal on an issue raised by the defense, and any other offense shown incidentally in the course of the trial, because any such offense would have been established by what the proof of the offense charged *showed,* even though it was not established by the proof of the facts *required* to establish the offense charged.

Such a broad reading of Art. 37.09(1) is impermissible. Driving while intoxicated is not a lesser included offense of involuntary manslaughter. Neither is it a lesser included offense under the other provisions of Art. 37.09.

Appellant also contends that the same facts used to support the instant conviction were used to support the prior conviction.

The transcription of the court reporter's notes from the trial on driving while intoxi-

cated, in the record before this Court, reflects:

"MR. BACK: Your Honor, this case originated in an accident whereby Mr. Graves was driving on . . . I forget what street . . . twelve hundred block of Hastings, ran up over the curb, hit a fourteen-year-old girl in the back with his pick-up, and I believe she is still in the hospital at the time in critical condition. He left that scene, two people and their wives . . . two men and their wives were following him, and they pursued him on down the street . . . I forget how far, and they found him . . . he had a wreck there, I believe. Is that right, Mr. . . .

"OFFICER RENEAU: No, sir.

"MR. BACK: They did not?

"OFFICER RENEAU: They followed him home.

"MR. BACK: Okay, and the officers arrived after that. They have statements putting him behind the driver's seat when he hit this girl. He had a breath test that registered 0.22. I believe he has been arraigned already for felony leaving of the scene of the accident.

"THE COURT: What other charges did they file, leaving the scene?

"MR. BACK: Yes, sir.

"OFFICER RENEAU: Your Honor, it was failure to stop and render aid and Judge Byrd set a ten thousand dollar bond.

"* * *

"THE COURT: 0.22?

"MR. BACK: Yes, sir. The breath test was given thirty-five minutes after the arrest."

It is clear from this record that appellant's conviction for driving while intoxicated was for an offense committed by acts persisting for some time after the comple-

---

*tional facts would not be necessary,* and the requirement of Article 37.09(1), Vernon's Ann.C.C.P., would be satisfied."
Here, the proof of the additional fact of operation upon a public road or highway would be

necessary to prove driving while intoxicated and would not be established by proof of the same facts necessary to prove involuntary manslaughter.

tion of the conduct that resulted in the girl's death and upon which the instant conviction was predicated. Appellant's contention that this prosecution was barred by the prior driving while intoxicated conviction is therefore without merit.

I therefore concur in the affirmance of this case.

DOUGLAS, Judge (concurring).

I concur in the result reached and in that part of the opinion by Judge Odom which sets out the facts that appellant drove an automobile while intoxicated and struck the girl causing injuries which resulted in her death. After this he drove while intoxicated at a different time and place. Two separate and distinct offenses were shown.