IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,719






EX PARTE DIANNA MARIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM THE 144TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






Holcomb, J., delivered the opinion for the Court, in which Meyers, Price,
Womack, and Johnson, JJ., joined. Keller, P.J., Keasler, and Cochran, JJ.,
concurred. Hervey, J., did not participate.



O P I N I O N

 This is a post-conviction habeas corpus proceeding, brought under Article 11.07 of the Texas
Code of Criminal Procedure, in which applicant Dianna Marin seeks relief on two grounds: (1) her
conviction is fundamentally defective because the trial court erred in instructing the jury that it could
convict applicant for conspiracy to commit murder as a lesser-included offense of murder, even
though she had been indicted for murder, not conspiracy to commit murder, which is not a lesser-included offense of murder; and (2) she was denied her Sixth Amendment right to the effective
assistance of counsel when her appellate counsel failed to raise the aforementioned claim on direct
appeal. We hold that applicant is entitled to relief.

Background

 On September 15, 1999, applicant Dianna Marin was indicted for the murder (1) of her husband,
Raul. The State concedes that the murder was actually committed by one of applicant's employees,
Arnulfo "A.D." Ayala, with whom she had an affair. State's Brief at 2. Ayala pled guilty to the
murder and, as the court of appeals' opinion indicates, had negotiated a deal with the State for his
testimony against applicant in the present case. Both the State and applicant seem to agree that the
State's case against her was based primarily on Ayala's testimony. They also agree that applicant
was in Oklahoma when Ayala killed her husband in San Antonio, Texas. Nevertheless, on June 20,
2000, applicant was tried for murder by a petit jury in Bexar County.

 After the parties rested, the trial court held a jury-charge conference in which the defense
counsel objected to the trial judge's inclusion of instructions on conspiracy to commit murder and
solicitation to commit murder as lesser-included offenses of murder. The defense counsel pointed
out that neither he nor the State had requested those instructions, but the trial judge seemed to
believe that the defense counsel had requested them. When the defense counsel denied having done
so and referred to the record in support of his assertion that neither he nor the State had made that
request, the trial judge invited the State to then request those instructions. The State complied, and
the trial judge granted the State's request. The defense counsel repeated his objection for the record. 
The trial judge then instructed the jury essentially according to his original charge. Thus, the jury
could convict applicant for murder and/or being a party to murder. If it acquitted her of those two
charges, it could still convict her of the lesser-included offense of conspiracy to commit murder. If
it acquitted her of that as well, it could still convict her of solicitation to commit murder. As
indicated earlier, the indictment had alleged only murder - not conspiracy or solicitation to commit
murder.

 The jury convicted applicant of conspiracy to commit murder and assessed punishment at
twelve years of imprisonment and a fine of $10,000. On direct appeal, applicant urged her appellate
counsel to pursue the claim preserved by her trial counsel - that the trial court erred in instructing
the jury that they could convict her for conspiracy to commit murder as a lesser-included offense of
murder. The appellate counsel failed to do so. Applicant then filed her own brief, entitled "Amicus
Curiae Brief For The Appellant," with the court of appeals, trying to raise this issue. The State
objected, arguing that the court of appeals should not consider her brief because she was not entitled
to hybrid representation. The court of appeals addressed only the appellate counsel's brief and
affirmed applicant's conviction. Marin v. State, No. 04-00-00475-CR, 2001 Tex. App. LEXIS 6756
(Tex. App.-- San Antonio, October 10, 2001, no pet.) (not designated for publication).

 Applicant filed an application for habeas corpus relief raising both the conspiracy charge and
ineffective assistance of appellate counsel as grounds for relief. The trial judge, who had presided
over the trial on the merits, designated ineffective assistance of counsel as the only factual issue
requiring resolution. The habeas court concluded that applicant's ineffective-assistance-of-counsel
claim was "predicated solely on the contention that the trial court erred in submitting an instruction
on conspiracy." It analyzed the issue under our decisions in Day v. State, 532 S.W.2d 302 (Tex.
Crim. App. 1976), and Cunningham v. State, 726 S.W.2d 151 (Tex. Crim. App. 1987), to determine
whether conspiracy to commit murder was a lesser-included offense of murder. Failing to find merit
in applicant's lesser-included-offense claim, the habeas court concluded that there was no merit in
applicant's ineffective-assistance claim either, and recommended that relief be denied. We filed and
set the application to determine whether applicant is entitled to relief.

Discussion

 In the case at bar, applicant's trial counsel timely objected to the trial judge's inclusion of
instructions on conspiracy to commit murder as a lesser-included offense of murder, thus preserving
the issue for appeal. Applicant urged her appellate counsel to pursue this issue on appeal, but the
latter failed to do so. Applicant then went so far as to file a brief herself on that claim, but the court
of appeals declined to address it because of the State's objection on the grounds of hybrid
representation. Thus, because of her appellate counsel's failure to present the issue on appeal,
applicant was effectively barred from raising it in a petition for discretionary review.

 We turn first to the merits of applicant's claim that conspiracy to commit murder is not a
lesser-included offense of murder. Article 37.09 of the Texas Code of Criminal Procedure sets out
a general definition of a lesser-included offense:

 Art. 37.09. Lesser Included Offense

 

 An offense is a lesser included offense if:

 

 (1) it is established by proof of the same or less than all the facts required to establish
the commission of the offense charged;

 

 (2) it differs from the offense charged only in the respect that a less serious injury or
risk of injury to the same person, property, or public interest suffices to establish its
commission;

 

 (3) it differs from the offense charged only in the respect that a less culpable mental
state suffices to establish its commission; or

 

 (4) it consists of an attempt to commit the offense charged or an otherwise included
offense.

 

 We interpreted this statute in our opinion on original submission in Day v. State, establishing
a two-step method of determining whether a given offense is a lesser-included offense of the one that
has been charged. 532 S.W.2d at 304-07. We illustrated this approach by first comparing the
statutes defining the crimes in question, criminal trespass and burglary, to determine whether the
elements of criminal trespass could be established by proof of the same facts necessary to prove the
elements of burglary. Id. at 304-06. We concluded that they could, that proof of additional facts
would not be necessary, and that the requirement of Article 37.09(1) would thus be satisfied. Id. at
306. We therefore held that the offense of criminal trespass was a lesser-included offense of
burglary. Id.

 It was only after we made this initial determination, under the first step of the analysis, that
we proceeded to the second step of then determining whether there was sufficient evidence at trial
to have required the court to submit the issue of the lesser-included offense to the jury. Id. at 306. 
We concluded that the evidence had been sufficient to raise the issue of criminal trespass and that
the court's failure to submit to the jury a requested charge on that issue therefore constituted
reversible error. Id. at 307.

 We have recently approved the two-step method, established in Day on the original
submission, of determining under Article 37.09 whether a given offense is the lesser-included
offense of the offense charged. See Hall v. State, 225 S.W.3d 524, 527-28 (Tex. Crim. App. 2007). 
Even before Day, however, this Court had held "on a number of occasions that when the greater
offense may be committed in more than one manner, the manner alleged [in the indictment] will
determine the availability of lesser-included offenses." Id. at 531. As we explained,

 To hold otherwise would be contrary to the better analysis of the statute and
might run afoul of the requirements of due process by making it impossible to know
before trial what lesser offenses are included within the indictment, yet making it
possible at the end of the trial to convict for any offense that was incidentally shown
by the evidence.


Id. at 537. In making these observations, we shared the same concerns about a defendant's
constitutional right to notice as those articulated by the Supreme Court in Schmuck v. United States,
489 U.S. 705 (1989). (2) Hall, 225 S.W.3d at 531-32. Hence, we approved our Day opinion on the
original submission because, in our view, it adequately addressed those concerns, id. at 533 (3), and we
disapproved those statements in our opinion on rehearing that implied a deviation from the approach
taken on the original submission. Id. at 537. (4)

 We will now apply the lesser-included-offense analysis introduced in Day on original
submission, and further explained in Hall, to the instant case. The first step requires a comparison
of the statutory elements of the alleged lesser-included offense and the alleged greater offense, as
those elements have been modified by the particular allegations in the indictment. Hall, 225 S.W.3d
at 536. Thus, the elements of murder, as alleged in the present indictment, are:

 (1) Applicant

 (2) caused the death of an individual

 (3) by striking and stabbing with a crowbar, and by stabbing with a knife, on the body and
head of the individual

 (4) (a) with intent and knowledge to cause the individual's death or

 (b) (i) with intent to cause the individual serious bodily injury and 

 (ii) committing an act clearly dangerous to human life.

 We turn next to the alleged lesser-included offense of conspiracy to commit murder. The
elements of "criminal conspiracy," as defined by Texas Penal Code, Section 15.02(a), are:

 (1) Applicant

 (2) with intent to commit a felony

 (3) agrees with one or more persons that they or one or more of them engage in conduct that
would constitute the offense; and

 (4) he or one or more of them perform(s) an overt act in pursuance of the agreement.

 Finally, we ask the question posed by Article 37.09(1): Are the elements of the purported
lesser-included offense "established by proof of the same or less than all the facts required to
establish the commission of the offense charged"? We find in this case that they are not. The facts
required to prove the elements of the lesser-included offense of conspiracy include at least one -
agreement - that is not the same as, or less than, those required to establish the greater offense of
murder as it was charged in the indictment. 

 Since the alleged lesser-included offense fails to qualify as such in the "initial inquiry," Day,
532 S.W.2d at 304, we need not proceed to the next step of the analysis. Even though the evidence
at trial might have supported the alleged lesser offense of conspiracy, and perhaps several other
lesser offenses, none of them can qualify as a lesser-included offense of murder unless it can be
qualified as such in the first step of our analysis. See, e.g., Hall, 225 S.W.3d at 537 ("The evidence
in the case would have supported a verdict for either theory of burglary, but the indictment did not
allege the element of committing theft after entry," i.e., one of the elements required to prove the
lesser offense of aggravated assault by threat). We, therefore, hold that the trial court's instruction
that the jury could consider conspiracy to commit murder as a lesser-included offense of murder
constituted reversible error.

 Applicant claims that she was denied her Sixth Amendment right to effective assistance of
counsel when her appellate counsel failed to raise her claim - that conspiracy to commit murder was
not a lesser-included offense of murder - on direct appeal.

 The Fourteenth Amendment to the United States Constitution guarantees, to a criminal
defendant pursuing a first appeal as of right, certain minimum safeguards necessary to make the
appeal "adequate and effective." Evitts v. Lucey, 469 U.S. 387, 392 (1984) (quoting Griffin v.
Illinois, 351 U.S. 12, 20 (1956)). These safeguards include the right to counsel, id. (citing Douglas
v. California, 372 U.S. 353 (1963)), which comprehends the right to effective assistance of counsel. 
Id. at 396. We must apply the standard set out in Strickland v. Washington, 466 U.S. 668 (1984),
in judging claims of ineffective assistance of appellate counsel. Evitts, 469 U.S. at 392; Smith v.
Robbins, 528 U.S. 259, 285 (2000).

 Strickland requires the defendant to show both that counsel's performance was deficient and
that this deficient performance prejudiced the defense. 466 U.S. at 687. In the appellate context,
the defendant must first show that his counsel was objectively unreasonable, for example, in failing
to raise arguable issues on appeal. Robbins, 528 U.S. at 285. If he succeeds in such a showing, he
must then demonstrate prejudice to his defense. Id. In other words, he must show a reasonable
probability that, but for his counsel's failure, he would have prevailed on his appeal. Id. at 285-86
(quoting Strickland, 466 U.S. at 694 ("defendant must show 'a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been different.'")). The
presumption of effective assistance of counsel will be overcome when the ignored issues are clearly
stronger than those presented by the counsel on appeal. Id. at 288 (quoting Gray v. Greer, 800 F.2d
644, 646 (CA7 1986) ("Generally, only when ignored issues are clearly stronger than those
presented, will the presumption of effective assistance of counsel be overcome.")).

 As we noted in Hall, this Court's cases about the correct lesser-included-offense test to be
applied have been in conflict since Day was decided. 225 S.W.3d at 533. In some opinions, we
determined whether one offense is a lesser-included offense of another by comparing the elements
of the offenses, id. at 530-31 & n.29, while in others we compared the evidence in the case to the
elements of the lesser-included offense. Id. at 530-31 & n.30. But it is important to note the dates
of those decisions. We decided Day, on original submission, in 1975. We issued our opinion on
rehearing in 1976. (5) Our opinion in Cunningham, one of the two cases upon which the habeas court
in the present case relied, was decided in 1987. In fact, Cunningham appears to be the last seminal
decision from this Court in which we focused on the evidence in the case in the first part of the
lesser-included-offense analysis. Two years later, in 1989, the Supreme Court delivered its Schmuck
opinion, indicating that it might be a serious violation of a defendant's constitutional right to notice
if the relationship between the lesser-included offense and the greater offense were determined based
on the evidence presented at trial rather than on the elements pleaded in the indictment. 489 U.S.
at 717-18. Since then, our opinions, for the most part, have focused on the statutory elements of the
lesser and greater offenses in question, see, e.g., Jacob v. State, 892 S.W.2d 905 (Tex. Crim. App.
1995); Schweinle v. State, 915 S.W.2d 17 (Tex. Crim. App. 1996); Campbell v. State, 149 S.W.3d
149 (Tex. Crim. App. 2004); Hayward v. State, 158 S.W.3d 476 (Tex. Crim. App. 2005); Irving v.
State, 176 S.W.3d 842 (Tex. Crim. App. 2005), until we finally endorsed this approach as "the sole
test for determining in the first step whether a party may be entitled to a lesser-included-offense
instruction." Hall, 225 S.W.3d at 535.

 In short, in light of the earlier conflict in our decisions following our opinion in Day on
rehearing, applicant's challenge to the trial court's inclusion of conspiracy to commit murder as a
lesser-included offense of murder raised a strong issue on which she was quite likely to prevail in
light of our own decisions following Schmuck. Her trial counsel vigorously sought to and did
preserve this issue for appellate review. But her appellate counsel failed to raise it on direct appeal,
instead raising issues (6) that he himself, as his affidavit indicates, did not believe had any merit. For
example, he stated in his affidavit:

 The record on appeal established Appellant's overwhelming guilt as a party
to murder; Appellant was fortunate to escape conviction for the greater offense of
murder, and receive in this case the lesser included of conspiracy to commit murder. 
Appellant's intent to commit murder, agreement with A.D. Ayala to murder Raul
Marin, and Appellant's payment of $500.00 to Mike Ybarra in furtherance of
Appellant's criminal agreement with A.D. Ayala, establish the three essential lesser
elements of conspiracy to murder.


(Emphasis added.) He also stated:

 I did not raise a point of error on appeal regarding the lesser of conspiracy
because there was no jury charge error; the only thing the Appellant did not do was
to physically kill her sleeping husband herself. The record on appeal amply reveals
that Appellant pursued a conspiracy which encompassed not only the killing but also
a cover-up.


Indeed, the appellate counsel's affidavit as a whole indicates that he considered applicant's case to
be frivolous. A reasonable attorney, in that situation, would have filed an Anders (7) brief and thus
recused himself from the case altogether. Applicant could have then proceeded pro se or through
another counsel. Thus, there would have been no problem of hybrid representation, the matter would
have been resolved on direct appeal, and applicant would not have needed to resort to the present
extraordinary remedy to vindicate her rightful claim.

 The affidavit also indicates that the counsel failed to do any research on the issue that
applicant urged him to pursue. If he had done such research, he would have known about: (1)
Schmuck; (2) following Schmuck, the change in this Court's own approach to cases involving the
lesser-included-offense analyses; and (3) the fact that judges in this Court themselves had begun to
question the reasoning of Cunningham in particular, in light of the recent Supreme Court and our
own decisions in this area. (8) In short, the appellate counsel appeared to be totally unaware of the
applicable law and sought to define a lesser-included offense with reference to the facts of the case,
rather than the elements of the indicted crime, in spite of the rapidly developing weight of authority
to the contrary. Thus, he ignored the importance of the trial counsel's efforts to preserve the lesser-included-offense issue, disregarded his own client's earnest requests to pursue that issue, and instead
filed an appeal on claims that even he did not seem to believe had any merit. In view of all these
facts, we hold that counsel's failure to raise the lesser-included-offense issue constituted deficient
performance.

 The prejudice caused by this deficient performance is obvious. The lesser-included-offense
issue was not preserved because of appellate counsel's failure to raise it on direct appeal. Applicant
was thus precluded from seeking our review, in which she would quite likely have prevailed under
Schmuck, even if Hall had not yet been decided. We, therefore, conclude that the appellate counsel's
deficient performance prejudiced applicant's defense. (9)

Conclusion

 Conspiracy to commit murder is not a lesser-included offense of murder as it was alleged in
the present indictment. Hence, we conclude that the trial court erred in instructing the jury that it
could convict applicant for conspiracy to commit murder, even though she had not been indicted for
this crime; and that her appellate counsel was ineffective in failing to raise this issue on direct
appeal. We, therefore, grant applicant relief from the judgment and remand her to the custody of the
Sheriff of Bexar County.


DELIVERED: APRIL 2, 2008.

DO NOT PUBLISH

1. Tex. Pen. Code § 19.02(b)(1) & (2).
2. As the Supreme Court noted,


 It is ancient doctrine of both the common law and of our Constitution that a
defendant cannot be held to answer a charge not contained in the indictment brought
against him. This stricture is based at least in part on the right of the defendant to
notice of the charge brought against him. Were the prosecutor able to request an
instruction on an offense whose elements were not charged in the indictment, this
right to notice would be placed in jeopardy.


489 U.S. at 717-18 (citations omitted).
3. "Article 37.09, as it was applied in the Court's opinion on original submission in Day, is
compatible with the cognate-pleadings approach [adopted in Hall] to lesser-included offenses,
although this label was not adopted in the opinion."
4. We note that the State concedes that, in arguing that the lesser-included-offense
instructions were properly submitted under the facts of this case, it is "relying principally" on
those portions of Day that were repudiated by Hall. State's Brief at 4-5. It, nevertheless, claims
that "Jones appears to be dispositive of the contention that under the facts of the case conspiracy
is a lesser-included offense of murder." State's brief at 5 (emphasis added). The State does not
give us any citation for Jones, however, nor does it develop the argument beyond that single
sentence.
5. But it should be noted that "only eight weeks after the Court delivered the opinion on
rehearing in Day, the author of that opinion denied that his opinion should be read to authorize
consideration of the evidence on the issue of whether one offense was included within the
allegation of another." Hall, 225 S.W.3d at 530 (citing Graves v. State, 539 S.W.2d 890, 892-93
(Tex. Crim. App. 1976) (Odom, J., concurring)).
6. The appellate counsel raised five issues related to the sufficiency of corroboration
testimony, alleged prosecutorial misconduct, alleged accomplice witnesses, and hearsay. We
note that, even on the bare record before us, these issues appear to be much weaker than the one
that the attorney failed to raise and were easily disposed of by the court of appeals. Marin, 2001
Tex. App. LEXIS at *3-8.
7. Anders v. California, 386 U.S. 738 (1967).
8. See, e.g., Ochoa v. State, 982 S.W.2d 904, 909 (Tex. Crim. App. 1998) (Keller, J.,
concurring) ("I agree with the result reached by the majority but disagree with the majority's
reliance upon Cunningham to dispose of the issue presented" in part because "Cunningham's
conclusion that an offense was lesser-included based upon proof at trial appears to be contrary to
precedent from the Supreme Court and this Court in that respect.") (emphasis in original) (citing
Garrett v. United States, 471 U.S. 773 (1985); Ex Parte Kopecky, 821 S.W.2d 957 (Tex. Crim.
App. 1992)).
9. We note that the appellate counsel, in his affidavit, asserts that applicant was not harmed
and that she in fact "benefitted from the trial court's charge." Although the record before us is
admittedly sparse, we are not persuaded by counsel's argument. The facts, as recounted by the
State and the court of appeals, indicate that the bulk of communication between Ayala (who
actually committed the murder) and applicant took place over the telephone, and that there was
no recording made of such conversations. They also indicate that Ayala had tried to persuade
one of his friends, Mike Ybarra, to kill Raul. But there is no indication in these facts that
applicant even met Ybarra. In short, the State's case against applicant seems to be based entirely
on Ayala's testimony and, hence, his credibility. The fact that the jury acquitted applicant of
murder, and even of being a party to the murder, indicates that they did not completely believe
him. It is therefore questionable whether the jury would have convicted applicant of conspiracy
if it had not been for the trial court's erroneous lesser-included-offense charge. At any rate, we
believe that being convicted of a crime for which applicant had not been charged, thus violating
her constitutional due-process right of notice, is sufficient harm to hold that she was prejudiced
by her appellate counsel's deficient performance.