**Reversed and Remanded and Opinion Filed May 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-15-00053-CR**

## EX PARTE ANTHONY HILL

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX14-90030**

## OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Anthony Hill pleaded guilty to shooting a man during a robbery and was sentenced to forty-five years in prison. Months later, the complainant died, allegedly from complications of the gunshot wound he received during the aggravated robbery. Thereafter, the State indicted Hill for capital murder.

Hill filed an application for writ of habeas corpus in which he asserted, among other things, violations of the double jeopardy protections afforded by the United States and Texas constitutions.[1] Specifically, he argued his subsequent prosecution for capital murder was barred by his previous conviction for aggravated robbery. After a hearing, the trial court agreed and barred the prosecution.

---

[1] Hill also asserted that the capital murder prosecution violated his rights to due process of law and due course of law under both the state and federal constitutions. Hill offered no separate argument or authority for these assertions in the trial court nor does he raise them on appeal.

The State appealed, contending the trial court's ruling is erroneous because Hill's case falls under a longstanding exception to the double jeopardy bar allowing for a subsequent prosecution on a more serious charge when additional facts necessary to sustain that charge have not occurred—in this case, the complainant's death. For reasons set out below, we agree with the State. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

An applicant seeking habeas corpus relief must prove his or her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order granting habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling, and we will uphold the trial court's ruling absent an abuse of discretion. *See Kniatt*, 206 S.W.3d at 664. We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id*.

The Fifth Amendment's Double Jeopardy Clause protects an accused against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and being subject to multiple punishments for the same offense. U.S. CONST. amend V; *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). The Fifth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). The

Texas Constitution's prohibition against double jeopardy provides substantially identical protection to the Double Jeopardy Clause of the United States Constitution. *See* TEX. CONST. art. I, § 14 (West 2007); *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997).

When two offenses arise under different statutes, the two offenses are considered the same offense for purposes of applying the double jeopardy prohibition if all of the statutory elements of one offense are included within the statutory elements of the other offense. *See Whalen v. United States*, 445 U.S. 684, 693–94 (1980); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Thus, the State may not convict a defendant for an offense when the defendant has been convicted already of a lesser-included offense arising from the same event. *Brown*, 432 U.S. at 161; *Ex parte Amador*, 326 S.W.3d 202, 204 (Tex. Crim. App. 2010).

The indictment that formed the basis of the aggravated robbery conviction provides that Hill, while in the course of committing theft, caused serious bodily injury to the complainant by shooting him with a firearm. The indictment for capital murder alleges that while in the course of committing or attempting to commit robbery, Hill caused the death of the complainant by shooting him with a firearm. The State concedes the aggravated robbery is a lesser-included offense of capital murder as alleged in this case and thus satisfies the *Blockburger* test. *Compare* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2014), *with* TEX. PENAL CODE ANN. § 29.03 (West 2011).

Because aggravated robbery is a lesser-included offense of capital murder, Hill contends prosecuting him for capital murder exposes him to double jeopardy because he would be both tried and punished twice. Hill cites numerous authorities supporting the general proposition that a defendant may not be convicted of both greater and lesser offenses arising from the same event. In all of Hill's authorities, however, the greater and lesser offenses were completed and

–3–

available as potential charges at the time of the defendant's trial. *See, e.g.*, *Littrell*, 271 S.W.3d at 274; *Bigon v. State*, 252 S.W.3d 360, 363 (Tex. Crim. App. 2008).

The State asserts it may try Hill for capital murder because an "exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Brown*, 432 U.S. at 169 n.7.

The United States Supreme Court recognized this exception to the general double jeopardy rule in *Diaz v. United States*, 223 U.S. 442 (1912). Diaz was convicted of assault and battery and fined after beating and kicking the victim. *Id*. at 444. After Diaz's conviction, the victim died, and Diaz was tried and convicted of homicide. *Id*. The case proceeded to the United States Supreme Court to consider the application of the provision against double jeopardy contained within the Philippine Civil Government Act, which governed administration of the Philippines where the case arose. *Id*. at 448. In holding that Diaz was not subjected to double jeopardy, the Supreme Court pronounced:

> The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense.

*Id*. at 449. In reaching this conclusion, the Supreme Court cited an early Texas case, *Johnson v. State*, 19 Tex. Ct. App. 453 (1885). *Johnson* explained the exception as follows:

> There never can be the crime of murder or manslaughter until the party assaulted dies; these crimes have no existence in fact or law till such death. It cannot, therefore, be said that one is tried for the same crime when he is tried for assault during the life, and tried for murder or manslaughter after the death, of the injured party. The death of the assaulted party creates a new crime.

*Johnson*, 19 Tex. Ct. App. at 461.

–4–

Hill questions whether *Diaz* remains good law and contends it is distinguishable from his case. Hill first notes that in *Diaz*, the Supreme Court also found an alternative ground for concluding double jeopardy protections did not apply: Diaz was not subjected to double jeopardy because the justice of the peace court that tried him for assault and battery had no jurisdiction to try him for homicide. *Diaz*, 223 U.S. at 449. Hill contends that because the alternative jurisdictional double jeopardy exception in *Diaz* has no application to his case, *Diaz* is distinguishable.

In the ensuing century since *Diaz* was decided, the United States Supreme Court has abandoned the jurisdictional double jeopardy exception described in *Diaz*. *See Waller v. Florida*, 397 U.S. 387, 394–95 (1970) (overturning dual sovereignty exception to double jeopardy and concluding petitioner could not be tried for same offense in both municipal court and state court). The Supreme Court, however, has not abandoned the incomplete offense ruling of *Diaz* at issue in Hill's case. *See Culberson v. Wainwright*, 453 F.2d 1219, 1220–21 (5th Cir. 1972) (per curiam). *cert. denied*, 407 U.S. 913 (1972) (concluding *Waller* had no effect on *Diaz* rule permitting subsequent prosecution after victim dies and upholding manslaughter conviction against claim of double jeopardy premised on conviction for assault obtained before victim died). As in *Culberson*, we see no reason not to apply *Diaz* and its exception to double jeopardy under the facts of Hill's case.

Hill next contends *Diaz* is distinguishable because under Texas law the phrase "serious bodily injury" as used in the aggravated robbery statute encompasses injuries that result in death. *See* TEX. PENAL CODE ANN. § 1.07(46) (West Supp. 2014) (defining "serious bodily injury" to include bodily injury that causes death). Thus, unlike *Diaz*, Hill contends he has already been punished for causing the complainant's death. We disagree. At the time of Hill's conviction for aggravated robbery, the complainant was still alive. We cannot agree Hill has been punished for

committing capital murder under the circumstances, and the punishment assessed for aggravated robbery has no relevance to the question of whether a double jeopardy exception exists in this case.

Finally, Hill questions the continued validity of *Diaz* in light of more recent cases. Hill points out that the cases

> most cited as establishing double jeopardy jurisprudence and legal analysis, for example, *Blockburger v. United States*, 284 U.S. 299 (1932); *North Carolina v. Pearce*, 395 U.S. 711 (1969); *Ashe v. Swenson*, 397 U.S. 436 (1970); *Brown v. Ohio*, 432 U.S. 161 (1977), all were decided well after *Diaz* and *Diaz* never has been scrutinized under the tests and standards established by these cases for violations of double jeopardy.

Even while applying the *Blockburger* test, the Supreme Court continues to recognize the double jeopardy exception for incomplete or undetected crimes. *See Illinois v. Vitale*, 447 U.S. 410, 420 n.8 (1980), *abrogated on other grounds by United States v. Dixon*, 509 U.S. 688, 704 (1993); *Brown*, 432 U.S. at 169 n.7; *Blackledge v. Perry*, 417 U.S. 21, 29 n.7 (1974); *Ashe v. Swenson*, 397 U.S. 436, 453 n.7 (1970) (Brennan, J., concurring); *see also Rutledge v. United States*, 517 U.S. 292, 307 n.17 (1996) (declining to "explore the consequences" of its holding on successive-prosecution strand of Double Jeopardy Clause and *Diaz*). Hill concedes that *Diaz* has never been overruled but is incorrect in asserting that no Supreme Court decision has ever relied upon it in reaching a decision. For example, the Supreme Court relied on *Diaz* as an alternative reason to uphold a prosecution brought against a marijuana smuggler for conducting a continuing criminal enterprise even though the smuggler had been earlier convicted for a specific instance of marijuana importation that was part of the criminal activity. *See Garrett v. United States*, 471 U.S. 773, 791–93 (1985).

In addition to the Supreme Court's limited pronouncements on the *Diaz* exception, the exception enjoys longstanding support in Texas law. *See Graves v. State*, 539 S.W.2d 890, 891–92 (Tex. Crim. App. 1976); *Hill v. State*, 149 S.W.2d 93, 95–96 (Tex. Crim. App. 1941); *Curtis*

–6–

*v. State*, 22 Tex. Ct. App. 227, 236–37, 3 S.W. 86, 87–88 (1886); *Johnson*, 19 Tex. Ct. App. at 461. Likewise, the exception appears well-established in the double jeopardy jurisprudence of the lower federal courts and the states. *See*, *e.g.*, *Whittlesey v. Conroy*, 301 F.3d 213, 219 (4th Cir. 2002); *Mitchell v. Cody*, 783 F.2d 669, 671 (6th Cir. 1986); *Culberson*, 453 F.2d at 1220–21; *State v. Wilson*, 335 P.2d 613, 615 (Ariz. 1959); *Lowe v. State*, 242 S.E.2d 582, 584 (Ga. 1978); *People v. Harrison*, 70 N.E.2d 596, 601 (Ill. 1946); *State v. Henry*, 483 N.W.2d 2, 4 (Iowa App. 1992); *State v. Hutchinson*, 942 A.2d 1289, 1292–93 (N.H. 2008); *Commonwealth ex rel. Papy v. Maroney*, 207 A.2d 814, 816 (Pa. 1965); *Turner v. Commonwealth*, 641 S.E.2d 771, 774 (Va. App. 2007).

In this case, Hill was tried for aggravated robbery before one of the elements that comprises his capital murder offense—namely, the death of the complainant—had taken place. Because the State could not have brought the capital murder case against Hill at the time he was tried for aggravated robbery, it is not jeopardy-barred from doing so now. *See Diaz*, 223 U.S. at 448–49; *Graves*, 539 S.W.2d at 892.

Finally, Hill contends that if the State is allowed to proceed and he is convicted, he will face multiple punishments for the same offense, a result that may not occur unless the legislature "has clearly expressed a contrary intention that the accused should be punished for both the greater and lesser-included offenses." *Littrell*, 271 S.W.3d at 276. In the case of an individual who commits a crime that encompasses both aggravated robbery and murder, there is no such legislative intent. *Id*. at 278.

As we have already explained, under the limited and rare circumstances of Hill's case, the aggravated robbery and capital murder offenses Hill was charged with are not the same offense for double jeopardy purposes. *See Diaz*, 223 U.S. at 448–49; *Graves*, 539 S.W.2d at 892. Moreover, even if the complainant had died immediately and Hill was charged and

convicted of both offenses at the same time in violation of his double jeopardy rights, the proper resolution in such cases is to vacate the conviction and punishment for the lesser-included offense and leave intact the conviction and punishment for the greater offense. *Id.* at 279.

Because the trial court's determination in this case conflicts with binding precedent from the United States Supreme Court and the Texas Court of Criminal Appeals, we conclude the trial court abused its discretion in granting Hill relief on his application for writ of habeas corpus. *See Diaz*, 223 U.S. at 448–49; *Kniatt*, 206 S.W.3d at 664; *Graves*, 539 S.W.2d at 892. We sustain the State's issue on appeal.

We reverse the trial court's order granting Hill's application for writ of habeas corpus, and we remand this case to the trial court for proceedings consistent with this opinion.


Publish                                           /Molly Francis/
TEX. R. APP. P. 47                                MOLLY FRANCIS
150053F.P05                                       JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ANTHONY HILL

No. 05-15-00053-CR

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX14-90030.
Opinion delivered by Justice Francis.
Justices Lang-Miers and Whitehill
participating.


Based on the Court's opinion of this date, the order of the trial court granting appellee Anthony Hill's application for writ of habeas corpus is **REVERSED** and the cause **REMANDED** for further proceedings.


Judgment entered May 20, 2015.