**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00077-CR**
_____

**EX PARTE LOUIS ELIAS PULIDO**

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 24-04-06752

**OPINION**

Louis Elias Pulido, charged by indictment with murder, filed an application for pretrial writ of habeas corpus, claiming double jeopardy and collateral estoppel bar his prosecution for murder because he previously pleaded guilty to an offense based on the same conduct and then successfully completed deferred adjudication community supervision. In this appeal, we review the trial court's denial of Pulido's writ and hold that neither double jeopardy nor collateral estoppel bar the current prosecution. Accordingly, we affirm.

1

Background

In January 2009, Pulido was indicted in Harris County, Texas for the offense of injury to a child, a first-degree felony. *See* Tex. Penal Code Ann. § 22.04(a), (e). The indictment alleged Pulido intentionally and knowingly caused serious bodily injury to a child, D.P., by shaking the complainant with a deadly weapon, namely hands, by striking the complainant's head against a deadly weapon, namely an unknown object, by striking the complainant in the head with a deadly weapon, namely an unknown object, and by striking the complainant with a deadly weapon, namely a hand.[1]

In November 2010, Pulido pleaded guilty to the lesser-included offense of reckless injury to a child, a second-degree felony, and was placed on deferred adjudication community supervision for a term of five years. In January 2016, the trial court filed an Order Affecting Community Supervision, noting that Pulido had successfully completed the terms of deferred adjudication community supervision, and discharged him from its supervision.

In April 2024, Pulido was indicted in Montgomery County for murder following D.P.'s death in 2022. The indictment alleges Pulido

---

[1]To protect the victim's privacy, we refer to the victim by his initials. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

did then and there commit or attempt to commit a felony, namely: Injury to a Child, and in the course of, and in furtherance of, or in immediate flight from the commission or attempted commission of the felony, the Defendant did commit or attempt to commit an act clearly dangerous to human life, namely: striking D.P. with defendant's hand, causing the acceleration and deceleration of D.P.'s head, and striking D.P. with or against an unknown object, thereby causing the death of an individual, namely, D.P.

Pulido filed an application for a pretrial writ of habeas corpus, asserting his prosecution for murder was jeopardy-barred due to his prior prosecution for, and plea of guilty to, injury to a child. He also argued the State is collaterally estopped from prosecuting him again for the same conduct. The trial court denied the writ and entered findings of fact and conclusions of law. The court concluded as a matter of law that "successive prosecution for Murder is not barred[,]" reasoning, "Since D.P. did not die until 2022, the Murder charge could not have been brought in the 2009 prosecution." The trial court further concluded, "Texas Penal Code § 22.04(h) expressly allows a person to be prosecuted for both Injury to a Child and another offense based on the same conduct." The court found that the principles of collateral estoppel were inapplicable because a specific issue had not been previously litigated and decided in Pulido's favor.

Standard of Review

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy[]" available when a prosecution potentially violates double jeopardy. *Ex parte Ingram*, 533 S.W.3d 887, 891-92 (Tex. Crim. App. 2017). When a trial court's

3

denial of pretrial habeas depends on findings of fact or mixed questions of law and fact which require an evaluation of witnesses' credibility and demeanor, we defer to the trial court's findings if they are supported by evidence—which we view in the light most favorable to the trial court's ruling—and we do not disturb the trial court's ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). When, instead, the trial court's ruling depends on the application of the law to facts which can be determined without judging credibility or demeanor, we review the double-jeopardy question de novo. *Sledge v. State*, 666 S.W.3d 592, 599 (Tex. Crim. App. 2023).

Here, Pulido does not question the trial court's findings of fact, arguing instead that the trial court misapplied the law when it concluded that Pulido's prosecution was not barred by double jeopardy. Therefore, we review the question de novo. *Id*.

Analysis

"The constitutional proscription against double jeopardy provides three types of protection: 1) protection against a second prosecution for the same offense after an acquittal; 2) protection against a second prosecution for the same offense following a conviction; and 3) protection against multiple punishments for the same offense." *Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015) (citing

4

*Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014)). No party contends this case is in the first category of protections, because Pulido was not acquitted in the first prosecution. Pulido primarily argues his case involves multiple punishments for the same offense, but we construe his brief as fairly including a claim of successive prosecution. *See* Tex. R. App. P. 38.1(f). The trial court concluded Pulido's prosecution is not barred either by the successive-prosecution protection or by the multiple-punishments protection. The State argues the trial court was correct in determining neither protection applies. As explained below, we conclude the current prosecution is not barred as a successive prosecution for the same offense, and Pulido's claim that he is being subjected to multiple punishments for the same offense is not cognizable on pretrial habeas.

Questions of classification aside, the threshold question is whether the offense for which Pulido is currently being prosecuted and ultimately may be punished, is the "same offense" as the offense for which he was already prosecuted and punished. *See U.S. v. Dixon,* 509 U.S. 688, 704 (1993) (rejecting the dissent's argument that "same offense" has a different meaning in each context); *see also Ex parte Castillo*, 469 S.W.3d 165, 168 n.6 (Tex. Crim. App. 2015). The test for determining whether offenses are legally the same for double-jeopardy purposes compares the elements of the two offenses in question and determines whether each "requires proof of a fact which the other does not." *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932).

In Texas, we employ "the 'cognate-pleadings' approach, in which the court looks to the facts and elements as alleged in the charging instrument, and not just to the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense." *Hall v. State*, 225 S.W.3d 524, 526 (Tex. Crim. App. 2007).

Pulido was previously charged with, and pleaded guilty to, the offense of injury to a child, the particulars of which required proof that Pulido:

1. intentionally, knowingly, recklessly, or with criminal negligence

2. caused bodily injury, serious bodily injury, or serious mental deficiency, impairment, or injury

3. to a child, namely D.P.

*See* Tex. Penal Code Ann. § 22.04(a).

Pulido is currently charged with the offense of murder, the particulars of which are set forth in the indictment, according to which the State will be required to prove:

1. Pulido committed or attempted to commit a felony, namely: injury to a child, namely D. P., which requires proof that Pulido:

   a. intentionally, knowingly, recklessly, or with criminal negligence

   b. caused bodily injury, serious bodily injury, or serious mental deficiency, impairment, or injury

   c. to a child, namely D.P.; and

6

2.      in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, Pulido committed or attempted to commit an act clearly dangerous to human life

3.      that caused the death of D.P.

*See id.* § 19.02(b)(3).

While the offense of murder in this case requires proof of facts that the offense of injury to a child does not, the same cannot be said of the inverse; Pulido's prior prosecution and guilty plea for injury to a child did not require proof of any fact beyond what the State will be required to prove in the current prosecution for murder. Therefore, under the facts alleged in this case, injury to a child is a lesser-included offense to that of murder. *See Littrell v. State*, 271 S.W.3d 273, 276-77 (Tex. Crim. App. 2008) (under the facts alleged, aggravated robbery was a lesser-included offense of felony murder).

Generally, a greater offense and any lesser-included offense are treated as the same offense for double-jeopardy purposes. *See Ochoa v. State,* 982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998); *see also Ex parte Amador,* 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). "[T]he Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169 (1977). However, "[a]n exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered

despite the exercise of due diligence." *Id*. n.7 (citing *Diaz v. U. S.*, 223 U.S. 442, 448-49 (1912)). In *Diaz*, the defendant was convicted of assault and battery after beating and kicking the victim. *Diaz*, 223 U.S. at 444. After Diaz's conviction, the victim died, and Diaz was tried and convicted of homicide. *Id.* The Court held the homicide prosecution was not barred by the defendant's earlier conviction for assault based on the same conduct:

> The death of the injured person was the principal element of the homicide, but was not part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense.

*Id.* at 448-49. The *Diaz* exception has been followed in Texas courts. *See Graves v. State*, 539 S.W.2d 890, 891-92 (Tex. Crim. App. 1976); *Hill v. State*, 149 S.W.2d 93, 95-96 (Tex. Crim. App. 1941); *Ex parte Hill*, 464 S.W.3d 444, 448-49 (Tex. App.—Dallas 2015, pet. ref'd). Even before *Diaz*, the Court of Appeals of Texas held,

> There never can be the crime of murder or manslaughter until the party assaulted dies; these crimes have no existence in fact or law till such death. It cannot, therefore, be said that one is tried for the same crime when he is tried for assault during the life, and tried for murder or manslaughter after the death, of the injured party. The death of the assaulted party creates a new crime.

*Johnson v. State*, 19 Tex. Ct. App. 453, 461 (1885); *see also Curtis v. State*, 22 Tex. Ct. App. 227, 237, 3 S.W. 86, 88 (1886) (when the victim dies after the defendant

has been convicted of assault, "[t]he assault and the murder are not the same offense within the meaning of the words 'same offense,' as used in our constitution.").

Pulido pleaded guilty to injury to a child before one of the elements of his alleged murder offense – namely, the death of D.P. – had taken place. So long as D.P. was alive, Pulido was not in jeopardy of being convicted of murder, and he cannot now be in jeopardy a second time without having been in jeopardy a first time. *See Diaz*, 223 U.S. at 448-49; *Graves*, 539 S.W.2d at 892; *Ex parte Hill*, 464 S.W.3d at 448-49. Because Pulido is not being prosecuted for the "same offense" for which he was previously prosecuted, we conclude double jeopardy does not bar the current prosecution for murder.

Pulido also argues that he "has been subjected to multiple punishments for the same offense." He cites a subsection of the injury-to-a-child statute, which states

> A person who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections. […] If a criminal episode is prosecuted under both this section and another section of this code and sentences are assessed for convictions under both sections, the sentences shall run concurrently.

Tex. Penal Code Ann. § 22.04(h). Pulido argues that "in this case, to avoid a double jeopardy violation, Appellant had to have been punished *in a single trial* for causing serious bodily injury to D.P." (emphasis in original). But Pulido has yet to be convicted of, or punished for, the offense of murder, and we question whether a multiple-punishments claim is cognizable on pretrial habeas. *See Gonzalez v. State*,

9

8 S.W.3d 640, 643 n.9 (Tex. Crim. App. 2000); *Ex parte Collins*, No. 05-18-01051-CR, 2019 Tex. App. LEXIS 5488, at *5 (Tex. App.—Dallas June 28, 2019, no pet.) (mem. op., not designated for publication); *Ex parte Devine*, No. 03-17-00033-CR, 2018 Tex. App. LEXIS 7779, at *6 (Tex. App.—Austin Sep. 25, 2018, no pet.) (mem. op., not designated for publication). Although the issue was not raised by either party, appellate courts must be careful, on interlocutory review, not to entertain a pretrial application for writ of habeas corpus when there is an adequate remedy by direct, post-conviction appeal. *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

"*Weise* can be read to support the general principle that a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release." *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006). This Court has observed that "the purpose of a pretrial habeas corpus application is not to facilitate some defensive position at the trial, but to stop the trial and secure immediate release from confinement." *Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.). A defendant who prevails on a multiple-punishments claim is not entitled to avoid prosecution; instead, "[t]he remedy for impermissible multiple convictions and punishments is to retain the most serious offense and vacate the other, the more serious offense ordinarily being defined as

10

the offense for which the greatest sentence was assessed." *Littrell*, 271 S.W.3d at 279 n.34. "[I]n the multiple punishments context, [a defendant's double-jeopardy] interest is 'limited to ensuring that the total punishment did not exceed that authorized by the legislature.'" *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (citing *U. S. v. Halper*, 490 U.S. 435, 450 (1989)). Therefore, we conclude Pulido's multiple-punishments claim is not cognizable on pretrial habeas, and we do not reach its merits.

Lastly, Pulido asserts collateral estoppel bars his murder prosecution. The doctrine of collateral estoppel in a criminal case arises from the Fifth Amendment's bar against double jeopardy. *Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). Collateral estoppel means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). In the criminal law context, the collateral estoppel doctrine operates to prevent the State from contesting in any subsequent proceedings between the parties any discrete fact the jury in the previous proceeding necessarily determined in the criminal defendant's favor. *Ex parte Watkins*, 73 S.W.3d at 268. The defendant bears the burden to demonstrate that the issue the defendant seeks to foreclose was actually decided in the first proceeding. *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003); *Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim App. 2007).

11

To determine whether collateral estoppel applies to a subsequent prosecution, courts use a two-step analysis: (1) determining exactly what facts were necessarily decided in the first proceeding; and (2) whether those necessarily decided facts constitute essential elements of the offense in the second trial. *Ex parte Taylor*, 101 S.W.3d 434, 440 (Tex. Crim. App. 2002).

Pulido has not shown that any issues in his injury-to-a-child prosecution were decided in his favor. Pulido pleaded guilty to the offense of recklessly causing serious bodily injury to a child, the trial court accepted his plea, and the trial court placed Pulido on deferred adjudication community supervision. As explained above, the *Diaz* exception controls and permits the prosecution of the murder offense under the circumstances in this case. *See Diaz*, 223 U.S. at 448-49; *see also York v. State*, 342 S.W.3d 528, 551 (Tex. Crim. App. 2011) ("If jeopardy does not attach to a particular issue in the first prosecution, then that issue cannot become the basis for collateral estoppel in a subsequent prosecution.").

Conclusion

We overrule Pulido's sole issue on appeal, and we affirm the trial court's order denying his habeas application.

AFFIRMED.

KENT CHAMBERS<br>Justice

Submitted on September 18, 2025
Opinion Delivered November 19, 2025
Publish

Before Johnson, Wright and Chambers, JJ.