PD-0915-15

PD-0915-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/17/2015 5:16:18 PM
Accepted 7/22/2015 3:48:12 PM
ABEL ACOSTA
CLERK

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

ANTHONY HILL,
    *APPELLANT*

§
§
§
V. §    NO. _____
§
§
§
THE STATE OF TEXAS, §
    *APPELLEE* §

§ § §

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

§ § §

FILED IN
COURT OF CRIMINAL APPEALS

July 22, 2015

ABEL ACOSTA, CLERK

**MICHAEL LOGAN WARE**
**300 Burnett Street**
**Suite 160**
**Fort Worth, TX    76102**
**Telephone:  817/ 338 - 4100**
**Telecopier: 817/ 698- 0000**
**Texas State Bar Number: 20864200**

ATTORNEY FOR APPELLANT

## IDENTITIES OF PARTIES AND COUNSEL

**Appellant:** Anthony Hill

**Represented by:** Michael Logan Ware (on pretrial writ of habeas corpus and on appeal)
Terri Moore (on pretrial writ of habeas corpus and on appeal
300 Burnett Street
Suite 160
Fort Worth, TX 76102

**Appellee:** The State of Texas

**Represented by:** Susan Hawk, *Criminal District Attorney*

Chris Pryor, *Assistant District Attorney* (on writ of habeas corpus)

Brian P. Higginbotham, Assistant District Attorney (on appeal)

Dallas County District Attorney's Office
133 North Riverfront Boulevard
LB-19
Dallas, TX 75207-4399

**Trial Judge:** The Honorable Brandon Birmingham
Presiding Judge
292nd Judicial District Court
Dallas County, Texas

The Honorable Larry Mitchell
Judge who presided over the Writ of Habeas Corpus
292nd Judicial District
Dallas County, Texas

# TABLE OF CONTENTS

PAGE

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUNDS AND REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT SUPPORTING GROUNDS AND REASONS
  FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

COURT OF APPEALS' OPINION (May 20, 2015). . . . . . . . . . . . APPENDIX A

COURT OF APPEALS ORDER DENYING MOTION FOR REHEARING
  (June 17, 2015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . APPENDIX B

# INDEX OF AUTHORITIES

Cases

*Abney v. United States*, 431 U.S. 651 (1977) .......................... 11

*Aekins v. State*, 447 S.W.3d 270 (Tex.Crim.App. 2014) .................... 10

*Ashe v. Swenson*, 397 U.S. 436 (1970) .......................... 16-17

*Bigon v. State*, 252 S.W.3d 360 (Tex.Crim.App.1970) .................... 13

*Blockburger v. United States*, 284 U.S. 299 (1932) ........... 3,7-8,13,15,17-19

*Brown v. Ohio*, 432 U.S. 161 (1977) .......................... 13-17

*Cooper v. State*, 430 S.W.3d 426 (Tex.Crim.App. 2014) .................... 13

*Diaz v. United States*, 223 U.S. 442 (1912) .................... 2,6-7,15-16

*Ex parte Amador*, 326 S.W.3d 202 (Tex.Crim.App. 2010) .................... 14

*Ex parte Carle*, 369 S.W.3d 879 (Tex.Crim.App. 2012) .................... 13

*Ex parte Chaddock*, 369 S.W.3d 880 (Tex.Crim.App. 2012) ............ 9,18-19

*Ex Parte Hill*, 2015 Tex.App.LEXIS 5132 (Tex.App.Dallas May 20, 2015) .... 2

*Graves v. State*, 539 S.W.2d 890 (Tex.Crim.App. 1976) .................... 17

*Green v. United States*, 355 U.S. 184 (1957) .......................... 9,11

*Littrell v. State*, 271 S.W.3d 273 (Tex.Crim.App. 2008) .................... 13

*North Carolina v. Pearce*, 395 U.S. 711 (1969) .................... 10,16-17

*Price v. State*, 434 S.W.3d 601 (Tex.Crim.App. 2014) .................... 13

*Shelby v. State*, 448 S.W.3d (Tex.Crim.App. 2014) . . . . . . . . . . . . . . . . . . . . . 13

*Tibbs v. Florida*, 457 U.S. 31 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Whalen v. United States*, 294 U.S. 299, 304 (1932) . . . . . . . . . . . . . . . . . . . . . 14

Codes and Articles

U.S. Constitution, Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Texas Rules of Appellate Procedure Rule 66.3(a),(b), & (c). . . . . . . . . . . . . . . 4-8

Texas Penal Code §1.07(46) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Double Jeopardy: Unraveling a Gordian Knot (2013) . . . . . . . . . . . . . . . . . . . . 17

## STATEMENT REGARDING ORAL ARGUMENT

This case involves complex issues of fact and law. The undersigned counsel believes this Court's understanding of the relevant factual and legal issues could be substantially enhanced by oral argument. Appellant requests oral argument

## STATEMENT OF THE CASE

Appellant and his co-defendant were each indicted for the aggravated robbery of Ryan Lusk, which was alleged to have occurred on or about March 18, 2012. The indictment, filed April 25, 2012, alleged that Appellant had shot Ryan Lusk with a firearm causing serious bodily injury, during the course of committing theft of property.

A year later, on April 4, 2013, Appellant, on the advice of his then counsel, waived a jury and pled guilty to the court. On May 17, 2013 and June 21, 2013, the trial court heard punishment evidence. On June 21, 2013, the trial court found Appellant guilty of aggravated robbery as alleged, which included shooting Ryan Lusk with a firearm, causing him serious bodily injury. The trial court assessed a sentence of 45 years in prison. Judgment was entered June 24, 2013.

On November 19, 2013, five months after Appellant was convicted and sentenced, Ryan Lusk died, allegedly due, at least in some part, to the gunshot wound sustained on or about March 18, 2012. Appellant was then indicted (filed December

1

30, 2013) for the capital murder of Ryan Lusk, "by shooting the deceased with a firearm, and the defendant was then and there in the course of committing . . . robbery of said deceased."

Appellant filed a pre-trial writ of habeas corpus alleging that a successive prosecution, conviction, and punishment for the greater offense of capital murder after having been already finally convicted of and sentenced for the lesser-included offense of aggravated robbery, would violate the double jeopardy protections guaranteed by the United States and Texas Constitutions. The trial court agreed and by court order dated December 29, 2014, barred further prosecution under the capital murder indictment filed December 30, 2013.

The State appealed to the Dallas Court of Appeals.

## STATEMENT OF PROCEDURAL HISTORY

In a published opinion, handed down on May 20, 2015, the court of appeals reversed the trial court, *Ex Parte Hill*, 2015 Tex.App.LEXIS 5132 (Tex.App.Dallas May 20, 2015). The Court of Appeals held that Appellant could be prosecuted, convicted, and punished for the greater offense of capital murder, even after having been convicted of and sentenced for, the lesser-included offense of aggravated robbery, because of a purported exception to double jeopardy protection created by the United States Supreme Court in *Diaz v. United States*, 223 U.S. 442 (1912). The

2

Court of Appeals held that neither *Blockburger v. United States*, 284 U.S. 299 (1932) nor legislative intent was either controlling or even had any real application to this case.

Appellant's timely Motion for Rehearing was denied on June 17, 2015. This petition was then filed with the Clerk of the Court of Criminal Appeals within thirty (30) days after such final ruling, to wit on July 17, 2015.

## GROUNDS FOR REVIEW

### GROUND FOR REVIEW NO. 1

THE COURT OF APPEALS ERRED IN HOLDING THAT THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION PERMITS THE STATE TO CONVICT A DEFENDANT OF BOTH A LESSER INCLUDED AND A GREATER OFFENSE IN SUCCESSIVE PROSECUTIONS, REGARDLESS OF LEGISLATIVE INTENT.

REASONS FOR REVIEW

In holding that the double jeopardy clause of the United States Constitution permits the state to convict a defendant of both a lesser included and a greater offense in successive prosecutions, even when there is no legislative intent to permit it, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has not been, but should be settled by the Court

of Criminal Appeals. <u>See</u>, Rule 66.3(a),(b), & (c), T.R.A.P.

**GROUND FOR REVIEW NO. 2**

> THE COURT OF APPEALS ERRED IN HOLDING THAT THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION PERMITS THE STATE TO IMPOSE MULTIPLE PUNISHMENTS ON A DEFENDANT FOR BOTH A LESSER-INCLUDED AND A GREATER OFFENSE IN SUCCESSIVE PROSECUTIONS, REGARDLESS OF LEGISLATIVE INTENT.

<u>REASONS FOR REVIEW</u>

In holding that the double jeopardy clause of the United States Constitution permits the state to impose multiple punishments on a defendant for both a lesser-included and greater offense in successive prosecutions, even when there is no legislative intent to permit it, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has not been, but should be settled by the Court of Criminal Appeals. <u>See</u>, Rule 66.3(a),(b), & (c), T.R.A.P.

**GROUND FOR REVIEW NO. 3**

> THE COURT OF APPEALS ERRED IN HOLDING THAT CHARGING AND TRYING A DEFENDANT FOR THE OFFENSE OF CAPITAL MURDER, AFTER THE DEFENDANT HAS ALREADY BEEN FINALLY CONVICTED AND SENTENCED FOR THE LESSER INCLUDED

4

OFFENSE (AGGRAVATED ROBBERY) OF THAT SAME ALLEGED "CAPITAL MURDER", DOES NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE UNITED STATES CONSTITUTION.

REASONS FOR REVIEW

In holding that charging and trying a defendant for capital murder, after the defendant has already been finally convicted and sentenced for the lesser included offense (aggravated robbery) of that same alleged "capital murder", does not violate the double jeopardy provision of the United States Constitution, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has not been, but should be settled by the Court of Criminal Appeals. See, Rule 66.3(a),(b), & (c), T.R.A.P.

## GROUND FOR REVIEW NO. 4

THE COURT OF APPEALS ERRED IN HOLDING THAT PUNISHING/SENTENCING A DEFENDANT FOR CAPITAL MURDER AFTER THE DEFENDANT HAS ALREADY BEEN FINALLY CONVICTED AND SENTENCED FOR THE LESSER INCLUDED OFFENSE (AGGRAVATED ROBBERY) OF THAT SAME ALLEGED "CAPITAL MURDER", DOES NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE UNITED STATES CONSTITUTION.

REASONS FOR REVIEW

In holding that punishing/sentencing a defendant for capital murder after the

5

defendant has already been finally convicted and sentenced for the lesser included offense (aggravated robbery) of that same alleged "capital murder", does not violate the double jeopardy provision of the United States Constitution, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has not been, but should be settled by the Court of Criminal Appeals. See, Rule 66.3(a),(b), & (c), T.R.A.P.

## GROUND FOR REVIEW NO. 5

THE COURT OF APPEALS ERRED IN HOLDING THAT *DIAZ V. UNITED STATES*, 223 U.S. 442 (1912), IS GOOD LAW AND CREATED A CARTE BLANCHE EXCEPTION TO THE DOUBLE JEOPARDY PROTECTION OTHERWISE PROVIDED BY THE UNITED STATES CONSTITUTION.

REASONS FOR REVIEW

In holding that *Diaz v. United States*, 223 U.S. 442 (1912), is still good law and creating a carte blanche exception to the double jeopardy protection otherwise provided by the United States Constitution, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has

6

not been, but should be settled by the Court of Criminal Appeals. See, Rule 66.3(a),(b), & (c), T.R.A.P.

**GROUND FOR REVIEW NO. 6**

> THE COURT OF APPEALS ERRED IN HOLDING THAT ANY EXCEPTION TO DOUBLE JEOPARDY PROTECTION CREATED BY *DIAZ V. UNITED STATES*, 223 U.S. 442 (1912), APPLIES TO THE CASE-AT-BAR.

REASONS FOR REVIEW

In holding that any exception to double jeopardy protection created by *Diaz v. United States*, 223 U.S. 442 (1912), applies to the case-at-bar, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has not been, but should be settled by the Court of Criminal Appeals. See, Rule 66.3(a),(b), & (c), T.R.A.P.

**GROUND FOR REVIEW NO. 7**

> THE COURT OF APPEALS ERRED IN HOLDING THAT THE *"BLOCKBURGER"*, SAME OFFENSE TEST, DOES NOT APPLY TO SUCCESSIVE PROSECUTIONS, DOUBLE JEOPARDY ANALYSIS IN THE CASE-AT-BAR.

REASONS FOR REVIEW

In holding that the *"Blockburger,* same offense test, does not apply to

successive prosecutions, double jeopardy analysis in the case-at-bar, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has not been, but should be settled by the Court of Criminal Appeals. See, Rule 66.3(a),(b), & (c), T.R.A.P.

## GROUND FOR REVIEW NO. 8

THE COURT OF APPEALS ERRED IN HOLDING THAT THE *"BLOCKBURGER"*, SAME OFFENSE TEST, DOES NOT APPLY TO MULTIPLE PUNISHMENT, DOUBLE JEOPARDY ANALYSIS IN THE CASE-AT-BAR.

## REASONS FOR REVIEW

In holding that the *"Blockburger"*, same offense test, does not apply to multiple punishment, double jeopardy, analysis in the case-at-bar, the court of appeals made a decision that conflicts with the applicable decisions of the Court of Criminal Appeals, the United States Supreme Court, and other courts of appeal on the same issue. In the alternative, the court of appeals decided an important question of state and federal law that has not been, but should be settled by the Court of Criminal Appeals. See, Rule 66.3(a),(b), & (c), T.R.A.P.

8

## ARGUMENT SUPPORTING GROUNDS AND REASONS FOR REVIEW 1-8

The double jeopardy clause of the fifth amendment to the United States Constitution, protects the individual against the abusive government "evils attendant upon successive prosecutions, namely the 'embarrassment, expense, and ordeal' of repetitive trials, 'compelling [the accused] to live in a continuing state of anxiety and insecurity' and creating 'a risk of conviction through sheer government perseverance.'" *Ex parte Chaddock*, 369 S.W.3d 880, 886 (Tex.Crim.App. 2012)(quoting, *Green v. United States*, 355 U.S. 184 (1957), *Tibbs v. Florida*, 457 U.S. 31 (1982)).

The government's prosecutorial power and discretion to charge a citizen with a criminal offense is almost unlimited. The government is, likewise virtually unaccountable for its charging decisions. Although a grand jury indicted Appellant, at the time the capital murder case was presented to the grand jury, Appellant had "resolved" his case through a plea of guilty and had begun serving his forty-five year sentence for aggravated robbery. Appellant had no reason to know that the case was again being presented to the grand jury, this time as a capital murder, which carries the possibility of the death penalty, and had no reason to know he still needed counsel. Appellant was therefore not represented by counsel when the grand jury met with the prosecutor and voted to indict for capital murder. Any argument that

representation by counsel would probably not have made a difference would be, to some extent, an acknowledgment of the government's virtually unlimited power and discretion to charge (in this case capital murder, the most serious existent offense under Texas law), and what little mitigating effect the grand jury really has on that power and discretion.

Likewise, the government has vast resources to pursue convictions, once they have charged a citizen. The government is generally ready and willing to expend vast resources in pursuit of convictions and severe sentences in "big cases", such as a capital murder case. Of course, once the state obtains a conviction in a capital murder case, the only possible punishments are death or life without the possibility of parole. In this case, either punishment would necessarily be cumulative of the 45 years aggravated time Appellant began serving in 2013.

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court stated that the guarantee against double jeopardy consists of three separate constitutional protections:

> first, it protects against a second prosecution for the same offense after acquittal; second, it protects against a second prosecution for the same offense after conviction; and third, it protects against multiple punishments for the same offense.

*Aekins v. State*, 447 S.W.3d 270, 274 (Tex.Crim.App. 2014)(citing, *Pearce* at 717).

The case-at-bar involves both impermissible successive prosecution, and impermissible multiple punishment issues.

In *Abney v. United States*, 431 U.S. 651 (1977), the Supreme Court emphasized:

> the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial on the same offense [Id. at pp. 660-661]. . . the guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction. Mr. Justice Black aptly described the purpose of the clause:
>
> > "The underlying idea, one deeply ingrain ingrained in at least the Anglo-American system of jurisprudence, is that the state with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States*, 335 U.S. 184, 187-188.

*Id.* at 661-662.

The double jeopardy clauses in the United States and Texas Constitutions are, realistically, the only checks on the government's power to both criminally charge and to pursue criminal convictions and punishments against its citizens once they are charged. In its opinion below, the Court of Appeals purports to seize on yet another

11

"exception" to a citizen's double jeopardy rights and hereby empower the government even further in its charging decisions.

In the case-at-bar, Appellant was convicted and sentenced to 45 years in prison for aggravated robbery. The indictment was filed on April 25, 2012 and reads, in pertinent part, as follows:

> On or about the 18th day of March A.D. 2012 . . . intentionally and knowingly, while in the course of committing theft of property . . . cause serious bodily injury to another Ryan Lusk . . . by shooting Complainant with a firearm . . .

Appellant was convicted and sentenced on June 21, 2013.

On November 19, 2013, Ryan Lusk died, allegedly due, at least in part, to the gunshot would he had sustained twenty months earlier on March 18, 2012.[1]

In an indictment filed on December 30, 2013, Appellant who had begun serving his forty-five year sentence and who had no legal counsel and no reason to believe he needed further legal counsel, was indicted for capital murder, in pertinent part, as follows:

> On or about the 18th day of March A.D., 2012 . . . intentionally cause the death of Ryan Lusk . . . by shooting the deceased with a firearm, and the defendant was then and there in the course of committing . . . robbery of said deceased.

---

[1] It is worth noting that the statutory definition of "serious bodily injury" includes, "bodily injury . . . that causes death . . . ." T.P.C. § 1.07(46).

12

The State concedes that under a long line of United States Supreme Court and Texas Court of Criminal Appeals cases, that the State is attempting to convict and punish Appellee in a subsequent prosecution for the same offense (capital murder), after convicting and punishing him for the lesser-included offense of aggravated robbery. In fact, under any analysis, one offense (aggravated robbery) is the lesser included of and, therefore, for double jeopardy purposes, the same offense as, the other (capital murder). See, e.g., *Blockburger v. United States*, 284 U.S. 299 (1932); *Brown v. Ohio*, 432 U.S. 161 (1977); *Bigon v. State*, 252 S.W.3d 360 (Tex.Crim. App. 2008); *Cooper v. State*, 430 S.W.3d 426 (Tex.Crim.App. 2014); *Littrell v. State*, 271 S.W.3d 273 (Tex.Crim.App. 2008); *Shelby v. State*, 448 S.W.3d (Tex.Crim.App. 2014); *Ex Parte Carle*, 369 S.W.3d 879 (Tex.Crim.App. 2012).

The trial court, the court of appeals, and even the State agree with Appellant that the offense for which Appellant was convicted and sentenced is a lesser included offense of the new, alleged capital murder and that they are the "same offenses" under a *"Blockburger"* analysis. All appear to also agree that there is no legislative intent to punish both statutory offenses when, as here, they arise from the same transaction. See, *Price v. State*, 434 S.W.3d 601 (Tex.Crim.App.2014). In fact, it would seem patently absurd to impose both a death sentence and a term of years, to run consecutive to the death sentence, all for the identical conduct.

13

Likewise, the court of appeals acknowledged as follows:

> When two offenses arise under different statutes, the two offenses are considered the same offense for purposes of applying the double jeopardy prohibition if all the statutory elements are included within the statutory elements of the other offense. See *Whalen v. United States*, 294 U.S. 299, 304 (1932). Thus the state may not convict a defendant for an offense when the defendant has been convicted already of a lesser-included offense arising from the same event. *Brown*, 432 U.S. at 161; *Ex parte Amador*, 326 S.W.3d 202, 204 (Tex.Crim.App. 2010).

Slip Op. Below at 3.

The Court below and the State both concede that this case meets the *Blockburger* test. *Id.*

The court of appeals, however, then dismissed the long standing *"Blockburger"* rule and analysis as a mere "general proposition" and one which has absolutely no relevance or applicability to the case-at-bar. "In all of Hill's authorities [including *Blockburger*], however, the greater and lesser offenses were completed and available as potential charges at the time of defendant's trial." Slip Op. below at 4.

While that much is technically true, neither did any of the cases relied on by Appellant "Hill", including *Blockburger*, either explicitly or implicitly, limit their (sometimes extensive) analysis or application of the fifth amendment's double jeopardy clause to exclude the situation in the case-at-bar, as the court of appeals seemed to imply.

In determining the inapplicability of *Blockburger*, the court below relied almost exclusively on *Diaz v. United States*, 223 U.S. 442 (1912), a case (out of the Philippine Islands) decided twenty years before *Blockburger*. Cases since *Blockburger* have acknowledged the theoretical possibility of an exception created by *Diaz* that survives *Blockburger*. "An exception <u>may</u> exist where the State is unable to proceed on the more serious charge at the outset . . ." *Brown v. Ohio*, 432 U.S. 161, 169 & n. 7 (1977).

In *Diaz*, the defendant was tried and convicted in a Justice of the Peace Court, in the Philippines for assault and battery. He was fined. The complainant died a short time later as a result of the injuries suffered in the assault and the defendant was charged in a higher court with homicide. He pled jeopardy and lost. In upholding the denial of his double jeopardy plea, the United States Supreme Court stated:

> . . . under the Philippine law, the justice of the peace, although possessed of jurisdiction to try the accused for assault and battery, was without jurisdiction to try him for homicide; and, of course, the jeopardy incident to the trial before the justice did not extend to an offense beyond his jurisdiction. All that could be claimed for that jeopardy was that it protected the accused from being again prosecuted for the assault and battery, and therefore required that the latter be not treated as included, as a lesser offense, in the charge of homicide, as otherwise might have been done with Phil. Comp. Stat. §3284.

*Diaz* at 449.

In other words, unlike the case-at-bar, in *Diaz*, the first court of conviction (a

15

Justice of the Peace Court), had no jurisdiction over homicide cases, "and, of course, the jeopardy incident to the trial before the justice did not extend to an offense beyond his jurisdiction." *Id.* That reasoning has no application to the case-at-bar where the same court has jurisdiction over both offenses and *Diaz* is distinguishable for that reason.

The *Diaz* opinion does state that "[t]he death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed." *Diaz* at 251.

Again, the case-at-bar is distinguishable in that Appellee was convicted of intentionally and knowingly causing the victim "serious bodily injury" by shooting him with a firearm during a robbery. Under Texas law, the statutory definition of "serious bodily injury" includes "bodily injury . . . that causes death . . ." T.P.C. §1.07(46)(emphasis supplied). Therefore, unlike *Diaz*, and unlike any case referencing *Diaz* with approval, the Appellee has already been convicted of and punished for causing "serious bodily injury", which includes a bodily injury "that causes death." The fact that the victim has now died, allegedly from that bodily injury adds nothing to the elements for which Appellee has been already convicted and punished when he was convicted and punished for causing "serious bodily injury".

16

A subsequent prosecution would be a violation even under the reasoning of *Diaz*, and the reasoning of any case citing *Diaz* with approval.

Finally, it is not clear whether *Diaz* is even still good law. The cases that are most cited as establishing double jeopardy jurisprudence and legal analysis, for example, *Blockburger v. United States*, 284 U.S. 299 (1932); *North Carolina v. Pearce*, 395 U.S. 711 (1969); *Ashe v. Swenson*, 397 U.S. 436 (1970); *Brown v. Ohio*, 432 U.S. 161 (1977), all were decided well after *Diaz* and *Diaz* has never been scrutinized under the tests and standards established by these cases for violations of double jeopardy. Although *Diaz* has never been expressly overruled and some cases make reference to it in dicta, no Supreme Court case relies on it in reaching a decision. Even a recent article on the Texas District & County Attorneys Association website questions whether the *Diaz* is good law. "Does this case survive the *Blockburger* test?" It resolves this question with a less than resounding endorsement, "[i]t hasn't been expressly overruled . . . You may want to keep Diaz handy." Stride, "Double Jeopardy: Unraveling a Gordian Knot" (2013). www.tdcaa.com.

The Court below also relied heavily on *Graves v. State*, 539 S.W.2d 890 (Tex.Crim.App. 1976), which cites *Diaz* in allowing a second prosecution for involuntary manslaughter after his conviction for driving while intoxicated. That case is likewise distinguishable because as Judges Odom and Douglas point out in their

17

concurring opinions, unlike the case-at-bar, driving while intoxicated is not a lesser included offense of involuntary manslaughter and the defendant's double jeopardy argument does not meet the *Blockburger* test. *Id.* *Graves* is, therefore, clearly distinguishable.

Oddly, in its decision below, the court of appeals seemed to both acknowledge the possibility that multiple punishments under these circumstances would violate double jeopardy and, yet, remain seemingly unconcerned about that constitutional violation. "Moreover, even if the complainant had died immediately and Hill was charged and convicted of both offenses at the same time in violation of his double jeopardy rights, the proper resolution in such cases is to vacate the conviction and punishment for the lesser-included offense and leave intact the conviction and punishment for the greater offense." Slip Op. Below at pp. 7-8 (citation omitted).

First, the protection the double jeopardy clause provides against successive prosecutions is at least as broad and as strong as the protection it provides against multiple punishments. "Multiple punishments that result from a single prosecution do not subject a defendant to the evils attendant upon successive prosecutions." *Ex parte Chaddock*, 369 S.W.3d 886 (Tex.Crim.App. 2012). How could it, then, be a violation of double jeopardy to punish for both offenses if tried together, but not if tried successively? Particularly when successive trials were not the choice of the

18

defendant. Of course, both successive prosecutions and multiple punishments are at play in the case-at-bar.

Second, the remedy imagined by the court of appeals of vacating the conviction and sentence for the aggravated robbery once Appellant is convicted and either sentenced to death or life without the possibility of parole on the capital murder, would not be available here, and would be utterly meaningless at that point, even if it were available.

Finally, the absurd and abjectly unfair results the rule announced by the court below could lead to are unlimited. For example, there is no statute of limitations on capital murder. A death that occurred years, even decades after a defendant had been convicted of a first degree assaultive felony and involving the identical conduct for which the defendant had already served decades in prison, could be reprosecuted as a murder or capital murder. Any sentence pursuant to a new conviction would start over. Likewise, under the rule announced by the court below, a defendant could serve decades for an attempted murder and then get a stacked life sentence for murder if the injured party later died. Clearly, if the government could be trusted not to abuse its almost unlimited power to charge, there would be no need for the double jeopardy clause.

It is true that with all of its power to charge, the government still cannot charge

a citizen with an offense that does not yet exist, that is simply reality. It is also true, however, that a citizen has the constitutional right, once convicted and, in this case, harshly sentenced, to be free of the abusive government "evils attendant upon successive prosecutions, namely the 'embarrassment, expense, and ordeal' of repetitive trials, 'compelling [the accused] to live in a continuing state of anxiety and insecurity' and creating a risk of conviction through sheer government preservance.'" *Ex parte Chaddock,* 369 S.W.3d at 886, *supra.* In resolving this issue by discounting the seminal double jeopardy case, *Blockburger,* and providing the government even more charging power at the expense of an important constitution right, the court of appeals reached the wrong decision. The trial judge got it right.

## PRAYER FOR RELIEF

The two offenses are the same for jeopardy purposes. Both successive prosecutions and multiple punishments are prohibited. The trial court's ruling should be affirmed and the court of appeals opinion should be reversed.

LAW OFFICES OF
MICHAEL LOGAN WARE
300 Burnett Street
Suite 160
Fort Worth, Texas 76102
Telephone: (817) 338-4100
Telecopier: (817) 698-0000
**Ware@mikewarelaw.com**


_____
MICHAEL LOGAN WARE
State Bar No. 20864200

ATTORNEY FOR APPELLANT


## CERTIFICATE OF COMPLIANCE

The undersigned certifies this petition complies with Texas Rules of Appellate Procedure 9.4(I)(3).

1.    This Petition contains 4,098 words prepared using WordPerfect and relying on WordPerfect for the word count.


_____
MICHAEL LOGAN WARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2015, a true copy of this document has been served on Brian P. Higginbotham, Assistant District Attorney, 133 N. Riverfront Boulevard, LB19, Dallas, Texas 75207 and by email to **brian.higginbotham@dallascounty.org** and Lisa McMinn, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, TX 78701

_____
MICHAEL LOGAN WARE

# APPENDIX A

**Court of Appeals Opinion dated May 20, 2015)**

FILE COPY

CHIEF JUSTICE
CAROLYN WRIGHT

JUSTICES
DAVID L. BRIDGES
MOLLY FRANCIS
DOUGLAS S. LANG
ELIZABETH LANG-MIERS
ROBERT M. FILLMORE
LANA MYERS
DAVID EVANS
DAVID LEWIS
ADA BROWN
CRAIG STODDART
BILL WHITEHILL
DAVID J. SCHENCK



**Court of Appeals**
**Fifth District of Texas at Dallas**

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.TXCOURTS.GOV/5THCOA.ASPX

May 20, 2015

Michael Ware
Attorney at Law
300 Burnett Street
Suite 160
Ft Worth, TX 76102-3428
* DELIVERED VIA E-MAIL *

Susan Hawk
Dallas County District Attorney
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, TX 75207
* DELIVERED VIA E-MAIL *

Terri Hammond Moore
Terri Moore
300 Burnett Street, Suite 160
Ft Worth, TX 76102-3428
* DELIVERED VIA E-MAIL *

Brian Higginbotham
Assistant District Attorney
Frank Crowley Courts Building
133 N. Industrial Blvd., LB19
Dallas, TX 75207-4399
* DELIVERED VIA E-MAIL *

RE:  Court of Appeals Number:  05-15-00053-CR
     Trial Court Case Number:  WX14-90030

Style:  The State of Texas
        v.
        Anthony Hill

Please find attached the opinion that issued in the above cause today.

Respectfully,

/s/ Lisa Matz, Clerk of the Court

cc:  Brandon Birmingham (DELIVERED VIA E-MAIL)
     Felicia Pitre (DELIVERED VIA E-MAIL)
     The Honorable Mary L. Murphy (DELIVERED VIA E-MAIL)

Reversed and Remanded and Opinion Filed May 20, 2015



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-15-00053-CR

---

### EX PARTE ANTHONY HILL

---

On Appeal from the 292nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. WX14-90030

---

# OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Anthony Hill pleaded guilty to shooting a man during a robbery and was sentenced to forty-five years in prison. Months later, the complainant died, allegedly from complications of the gunshot wound he received during the aggravated robbery. Thereafter, the State indicted Hill for capital murder.

Hill filed an application for writ of habeas corpus in which he asserted, among other things, violations of the double jeopardy protections afforded by the United States and Texas constitutions.[1] Specifically, he argued his subsequent prosecution for capital murder was barred by his previous conviction for aggravated robbery. After a hearing, the trial court agreed and barred the prosecution.

---

[1] Hill also asserted that the capital murder prosecution violated his rights to due process of law and due course of law under both the state and federal constitutions. Hill offered no separate argument or authority for these assertions in the trial court nor does he raise them on appeal.

The State appealed, contending the trial court's ruling is erroneous because Hill's case falls under a longstanding exception to the double jeopardy bar allowing for a subsequent prosecution on a more serious charge when additional facts necessary to sustain that charge have not occurred—in this case, the complainant's death. For reasons set out below, we agree with the State. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

An applicant seeking habeas corpus relief must prove his or her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order granting habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling, and we will uphold the trial court's ruling absent an abuse of discretion. *See Kniatt*, 206 S.W.3d at 664. We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id.*

The Fifth Amendment's Double Jeopardy Clause protects an accused against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and being subject to multiple punishments for the same offense. U.S. CONST. amend V; *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). The Fifth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). The

–2–

Texas Constitution's prohibition against double jeopardy provides substantially identical protection to the Double Jeopardy Clause of the United States Constitution. *See* TEX. CONST. art. I, § 14 (West 2007); *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997).

When two offenses arise under different statutes, the two offenses are considered the same offense for purposes of applying the double jeopardy prohibition if all of the statutory elements of one offense are included within the statutory elements of the other offense. *See Whalen v. United States*, 445 U.S. 684, 693–94 (1980); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Thus, the State may not convict a defendant for an offense when the defendant has been convicted already of a lesser-included offense arising from the same event. *Brown*, 432 U.S. at 161; *Ex parte Amador*, 326 S.W.3d 202, 204 (Tex. Crim. App. 2010).

The indictment that formed the basis of the aggravated robbery conviction provides that Hill, while in the course of committing theft, caused serious bodily injury to the complainant by shooting him with a firearm. The indictment for capital murder alleges that while in the course of committing or attempting to commit robbery, Hill caused the death of the complainant by shooting him with a firearm. The State concedes the aggravated robbery is a lesser-included offense of capital murder as alleged in this case and thus satisfies the *Blockburger* test. *Compare* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2014), *with* TEX. PENAL CODE ANN. § 29.03 (West 2011).

Because aggravated robbery is a lesser-included offense of capital murder, Hill contends prosecuting him for capital murder exposes him to double jeopardy because he would be both tried and punished twice. Hill cites numerous authorities supporting the general proposition that a defendant may not be convicted of both greater and lesser offenses arising from the same event. In all of Hill's authorities, however, the greater and lesser offenses were completed and

available as potential charges at the time of the defendant's trial. *See, e.g., Littrell*, 271 S.W.3d at 274; *Bigon v. State*, 252 S.W.3d 360, 363 (Tex. Crim. App. 2008).

The State asserts it may try Hill for capital murder because an "exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Brown*, 432 U.S. at 169 n.7.

The United States Supreme Court recognized this exception to the general double jeopardy rule in *Diaz v. United States*, 223 U.S. 442 (1912). Diaz was convicted of assault and battery and fined after beating and kicking the victim. *Id.* at 444. After Diaz's conviction, the victim died, and Diaz was tried and convicted of homicide. *Id.* The case proceeded to the United States Supreme Court to consider the application of the provision against double jeopardy contained within the Philippine Civil Government Act, which governed administration of the Philippines where the case arose. *Id.* at 448. In holding that Diaz was not subjected to double jeopardy, the Supreme Court pronounced:

> The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense.

*Id.* at 449. In reaching this conclusion, the Supreme Court cited an early Texas case, *Johnson v. State*, 19 Tex. Ct. App. 453 (1885). *Johnson* explained the exception as follows:

> There never can be the crime of murder or manslaughter until the party assaulted dies; these crimes have no existence in fact or law till such death. It cannot, therefore, be said that one is tried for the same crime when he is tried for assault during the life, and tried for murder or manslaughter after the death, of the injured party. The death of the assaulted party creates a new crime.

*Johnson*, 19 Tex. Ct. App. at 461.

-4-

Hill questions whether *Diaz* remains good law and contends it is distinguishable from his case. Hill first notes that in *Diaz*, the Supreme Court also found an alternative ground for concluding double jeopardy protections did not apply: Diaz was not subjected to double jeopardy because the justice of the peace court that tried him for assault and battery had no jurisdiction to try him for homicide. *Diaz*, 223 U.S. at 449. Hill contends that because the alternative jurisdictional double jeopardy exception in *Diaz* has no application to his case, *Diaz* is distinguishable.

In the ensuing century since *Diaz* was decided, the United States Supreme Court has abandoned the jurisdictional double jeopardy exception described in *Diaz*. *See Waller v. Florida*, 397 U.S. 387, 394–95 (1970) (overturning dual sovereignty exception to double jeopardy and concluding petitioner could not be tried for same offense in both municipal court and state court). The Supreme Court, however, has not abandoned the incomplete offense ruling of *Diaz* at issue in Hill's case. *See Culberson v. Wainwright*, 453 F.2d 1219, 1220–21 (5th Cir. 1972) (per curiam). *cert. denied*, 407 U.S. 913 (1972) (concluding *Waller* had no effect on *Diaz* rule permitting subsequent prosecution after victim dies and upholding manslaughter conviction against claim of double jeopardy premised on conviction for assault obtained before victim died). As in *Culberson*, we see no reason not to apply *Diaz* and its exception to double jeopardy under the facts of Hill's case.

Hill next contends *Diaz* is distinguishable because under Texas law the phrase "serious bodily injury" as used in the aggravated robbery statute encompasses injuries that result in death. *See* TEX. PENAL CODE ANN. § 1.07(46) (West Supp. 2014) (defining "serious bodily injury" to include bodily injury that causes death). Thus, unlike *Diaz*, Hill contends he has already been punished for causing the complainant's death. We disagree. At the time of Hill's conviction for aggravated robbery, the complainant was still alive. We cannot agree Hill has been punished for

committing capital murder under the circumstances, and the punishment assessed for aggravated robbery has no relevance to the question of whether a double jeopardy exception exists in this case.

Finally, Hill questions the continued validity of *Diaz* in light of more recent cases. Hill points out that the cases

> most cited as establishing double jeopardy jurisprudence and legal analysis, for example, *Blockburger v. United States*, 284 U.S. 299 (1932); *North Carolina v. Pearce*, 395 U.S. 711 (1969); *Ashe v. Swenson*, 397 U.S. 436 (1970); *Brown v. Ohio*, 432 U.S. 161 (1977), all were decided well after *Diaz* and *Diaz* never has been scrutinized under the tests and standards established by these cases for violations of double jeopardy.

Even while applying the *Blockburger* test, the Supreme Court continues to recognize the double jeopardy exception for incomplete or undetected crimes. *See Illinois v. Vitale*, 447 U.S. 410, 420 n.8 (1980), *abrogated on other grounds by United States v. Dixon*, 509 U.S. 688, 704 (1993); *Brown*, 432 U.S. at 169 n.7; *Blackledge v. Perry*, 417 U.S. 21, 29 n.7 (1974); *Ashe v. Swenson*, 397 U.S. 436, 453 n.7 (1970) (Brennan, J., concurring); *see also Rutledge v. United States*, 517 U.S. 292, 307 n.17 (1996) (declining to "explore the consequences" of its holding on successive-prosecution strand of Double Jeopardy Clause and *Diaz*). Hill concedes that *Diaz* has never been overruled but is incorrect in asserting that no Supreme Court decision has ever relied upon it in reaching a decision. For example, the Supreme Court relied on *Diaz* as an alternative reason to uphold a prosecution brought against a marijuana smuggler for conducting a continuing criminal enterprise even though the smuggler had been earlier convicted for a specific instance of marijuana importation that was part of the criminal activity. *See Garrett v. United States*, 471 U.S. 773, 791–93 (1985).

In addition to the Supreme Court's limited pronouncements on the *Diaz* exception, the exception enjoys longstanding support in Texas law. *See Graves v. State*, 539 S.W.2d 890, 891–92 (Tex. Crim. App. 1976); *Hill v. State*, 149 S.W.2d 93, 95–96 (Tex. Crim. App. 1941); *Curtis*

*v. State*, 22 Tex. Ct. App. 227, 236–37, 3 S.W. 86, 87–88 (1886); *Johnson*, 19 Tex. Ct. App. at 461. Likewise, the exception appears well-established in the double jeopardy jurisprudence of the lower federal courts and the states. *See, e.g., Whittlesey v. Conroy*, 301 F.3d 213, 219 (4th Cir. 2002); *Mitchell v. Cody*, 783 F.2d 669, 671 (6th Cir. 1986); *Culberson*, 453 F.2d at 1220–21; *State v. Wilson*, 335 P.2d 613, 615 (Ariz. 1959); *Lowe v. State*, 242 S.E.2d 582, 584 (Ga. 1978); *People v. Harrison*, 70 N.E.2d 596, 601 (Ill. 1946); *State v. Henry*, 483 N.W.2d 2, 4 (Iowa App. 1992); *State v. Hutchinson*, 942 A.2d 1289, 1292–93 (N.H. 2008); *Commonwealth ex rel. Papy v. Maroney*, 207 A.2d 814, 816 (Pa. 1965); *Turner v. Commonwealth*, 641 S.E.2d 771, 774 (Va. App. 2007).

In this case, Hill was tried for aggravated robbery before one of the elements that comprises his capital murder offense—namely, the death of the complainant—had taken place. Because the State could not have brought the capital murder case against Hill at the time he was tried for aggravated robbery, it is not jeopardy-barred from doing so now. *See Diaz*, 223 U.S. at 448–49; *Graves*, 539 S.W.2d at 892.

Finally, Hill contends that if the State is allowed to proceed and he is convicted, he will face multiple punishments for the same offense, a result that may not occur unless the legislature "has clearly expressed a contrary intention that the accused should be punished for both the greater and lesser-included offenses." *Littrell*, 271 S.W.3d at 276. In the case of an individual who commits a crime that encompasses both aggravated robbery and murder, there is no such legislative intent. *Id.* at 278.

As we have already explained, under the limited and rare circumstances of Hill's case, the aggravated robbery and capital murder offenses Hill was charged with are not the same offense for double jeopardy purposes. *See Diaz*, 223 U.S. at 448–49; *Graves*, 539 S.W.2d at 892. Moreover, even if the complainant had died immediately and Hill was charged and

convicted of both offenses at the same time in violation of his double jeopardy rights, the proper resolution in such cases is to vacate the conviction and punishment for the lesser-included offense and leave intact the conviction and punishment for the greater offense. *Id.* at 279.

Because the trial court's determination in this case conflicts with binding precedent from the United States Supreme Court and the Texas Court of Criminal Appeals, we conclude the trial court abused its discretion in granting Hill relief on his application for writ of habeas corpus. *See Diaz*, 223 U.S. at 448–49; *Kniatt*, 206 S.W.3d at 664; *Graves*, 539 S.W.2d at 892. We sustain the State's issue on appeal.

We reverse the trial court's order granting Hill's application for writ of habeas corpus, and we remand this case to the trial court for proceedings consistent with this opinion.


Publish
TEX. R. APP. P. 47
150053F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE ANTHONY HILL

No. 05-15-00053-CR

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. WX14-90030.
Opinion delivered by Justice Francis.
Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the order of the trial court granting appellee Anthony Hill's application for writ of habeas corpus is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered May 20, 2015.

# APPENDIX B

**Court of Appeals Order denying Appellee's
Motion for Rehearing dated
June 17, 2015**

Order entered June 17, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00053-CR

## EX PARTE ANTHONY HILL

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX14-90030**

## ORDER

Appellee's Motion for Rehearing filed on June 4, 2015 is **DENIED.**

/s/    MOLLY FRANCIS
       JUSTICE